# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE OSWALD and HENRY OSWALD, | CIVIL ACTION NO. 3:09-CV-2578 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Leave to Join Rose Prudente ("Prudente") as a Third Party Defendant (Doc. 8.) This action arises from a motor vehicle accident occurring on June 30, 2007, involving Plaintiffs and Prudente. (Compl. ¶¶ 5 - 9, Doc. 1, Ex. 1.) Plaintiffs have brought the present action against State Farm seeking damages for injuries not adequately compensated for by Prudente's insurance coverage. (Compl. ¶ 15.) State Farm now seeks leave to join Prudente as a third-party defendant under Federal Rule of Civil Procedure 14. Federal Rule of Civil Procedure 14 states, at relevant part, that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. PRO. 14(a)(1). State Farm alleges that it has a right to subrogation of any damages it owes to Plaintiffs based upon their claim against State Farm, and thus that filing a third-party complaint against Prudente is appropriate here.

Plaintiffs argue that an insurer, such as State Farm, may not intervene in an action between the insured and a third party, citing *United National Insurance Company v. M. London, Inc.*, No. 4999, 1992 WL 1071363, at *599 (Pa. Comm. Pl. Mar. 3, 1992). *United National*, however, is inapposite for two reasons. First, *United National* was decided by the Philadelphia County Court of Common Pleas who applied Pennsylvania Rule of Civil Procedure 2328; the *United National* court never addressed whether a defendant may join a third-party pursuant to Federal Rule of Civil Procedure 14. *Id.* at *600. Second, the procedural posture of *United National* makes it distinguishable from the present action. In that case, the insured, M. London, Inc. ("M. London") was a retail store that was extensively damaged by a fire. *Id.* at *599. Several insurers, including United National Insurance Company ("United National"), paid M. London based upon various policies protecting the store. *Id.* Subsequent to these payments, M. London concluded that the cause of the fire was a defective refrigerator, and it brought an action against the refrigerator's manufacturer. *Id.* United National and the other insurers then sought to intervene in the action between M. London and the manufacturer, arguing that they had a right to participate in the action. *Id.* at *600. The court ultimately held that the insurers did not have a right to intervene. *Id.* at *608. In the present case, however, State Farm is not seeking to intervene in an action between the Plaintiffs and Prudente. Unlike the insurers in *United National*, here the insurer, State Farm, is *already* a party to this action. State Farm is not seeking to intervene in any action between Plaintiffs and Prudente, it is seeking to join Prudente, a nonparty in this action, into the dispute before this Court. Therefore, Plaintiffs' arguments that State Farm should not be permitted to "intervene" are inapplicable to the present motion.

Plaintiffs also argue that "[p]ermitting State Farm to join Ms. Prudente in this matter may lead to confusion of issues and potentially inconsistent verdicts," in light of Plaintiffs' action against Prudente pending in Somerset County, New Jersey. (Bf. in Opp'n at 4, Doc. 14.) There is nothing inherently impossible, however, in having parallel state and federal proceedings surrounding the same event. *Spring City Corp. v. American Buildings Co.*, 193 F.3d 165, 171-72 (3d Cir. 1999). "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Id.* (quotation and citation omitted). Plaintiffs' concerns regarding inconsistent determinations between the two actions are misplaced because the doctrines of issue and claim preclusion will protect against any attempts to re-litigate previously decided issues in the other forum.

State Farm alleges that Prudente may be liable for some or all of Plaintiffs' claims against it, and therefore, it has satisfied the requirements to join Prudente as a third-party defendant pursuant to Federal Rule of Civil Procedure 14. Plaintiffs provide no persuasive arguments refuting this, and therefore, I will grant State Farm's motion.

**NOW,** this ___6th___ day of July, 2010, **IT IS HEREBY ORDERED THAT** Defendant State Farm Mutual Automobile Insurance Company's Motion for Leave to Join Rose Prudente as a Third Party Defendant (Doc. 8) is **GRANTED**.

                                                  /s/ A. Richard Caputo  
                                                  A. Richard Caputo  
                                                  United States District Judge